

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

May 26, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Hall v. Green Haven Correctional Facility*,
No. 23-6536

Dear Ms. Wolfe:

     I write to advise the Court that the New York State Attorney General's Office does not currently represent the state defendants, and thus cannot appear as counsel or file an appellees' brief. *See* N.Y. Pub. Officers Law § 17(4) (requiring proper service of "summons, complaint, process, notice, demand or pleading" before defendant may request representation from the Office); N.Y. Exec. Law § 63(1). As explained further below, the defendants are not parties to the litigation; therefore this Court lacks personal jurisdiction over the defendants and it cannot rule adversely to them.

     Accordingly, I respectfully request that you remove this Office as counsel and designate the defendants-appellees only as defendants.

     Prior to the time the district court authorized issuance of a summons, *see* Fed. R. Civ. Proc. 4(b), the district court dismissed this action without prejudice because the plaintiff failed to pay the filing fee pursuant to the "three-strikes" provision of 28 U.S.C. § 1915(g). The district court denied his application for in forma pauperis status because plaintiff failed to establish that he qualified under the "imminent danger" exception to the three-strikes law. As a result, neither the State, nor its agencies, officials, or employees were served in accordance with the federal rules. Personal jurisdiction over the defendants was thus lacking in the district court: a defect this Office cannot cure because this Office lacks authority to—or here it does not—waive proper service on a state defendant.

Because personal jurisdiction over the defendants was not obtained in the first instance in the district court, this Court similarly lacks such jurisdiction over the defendants and the defendants are not parties to this appeal.[1] Jurisdiction is neither conferred, nor any challenge to jurisdiction waived, by the Attorney General's receipt of notice of this appeal or by the filing of this letter affirmatively stating that this Court lacks jurisdiction over the state defendants and that this Office lacks authority to act on their behalf. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (general appearance contesting jurisdiction does not waive jurisdictional objections); *see also Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 3 (1st Cir. 2014) (filing of notice of appeal by defendants, who challenged service of process in district court, did not create personal jurisdiction).

Moreover, because the Court lacks personal jurisdiction over the defendants, it may not rule adversely to them, e.g., by concluding that the complaint does state a claim on which relief may be granted. Such a ruling would affect the defendants and, therefore, should not issue without affording notice and an opportunity to be heard; that is an "essential principle of due process." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). The Court may affirm the dismissal, however, because it has personal jurisdiction over the plaintiff.

Consistent with due process requirements, if the Court doubts the propriety of affirmance here, then it should vacate and remand—with directions for further proceedings consistent with the Court's order, including issuance of a summons if appropriate—on the ground that "a liberal reading of the complaint gives an[] indication that a valid claim might be stated," *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Such a remand should be without prejudice to future dispositive motions, or to any other defense or argument that the defendants—who are not yet before the courts—may advance. *See, e.g.*, *Encarnacion v. Goord*, 669 F. App'x 61, 62 n.2 (2d Cir. 2016) (vacating sua sponte dismissal and remanding "without prejudice to any dispositive motion that defendants may file after they have been served with the amended complaint"); *Dotson v. Fischer*, 613 F. App'x 35, 39 & n.3 (2d Cir. 2015) (same).

Respectfully yours,
*/s/ Oren L. Zeve*
Oren L. Zeve
Managing Assistant Solicitor General

---

[1] *See Encarnacion v. Goord*, 669 F. App'x 61, 61 n.1 (2d Cir. 2016) ("The defendants were never served and, therefore, are not parties to this appeal."); *see also Petway v. N.Y. City Transit Auth.*, 450 F. App'x 66, 66 n.2 (2d Cir. 2011) ("Because the District Court dismissed [plaintiff's] complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to its service on any defendant, no defendant has appeared in the case, either in the District Court or on appeal.").

cc: Ralph Hall, 05A5367
    Green Haven Correctional Facility
    594 Rte. 216
    Stormville, NY 12582-0010